## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL R. FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS** 4115 Chesapeake Street, N.W. Washington, D.C. 20016, | ) ) ) ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **JOHNSON CONTROLS, INC.** 507 East Michigan Street Milwaukee, Wisconsin  53202, | ) ) ) ) ) |
| Serve: Registered Agent Corporation Service Company 8020 Excelsior Drive, Suite 200 Madison, Wisconsin  53717 | ) ) ) ) ) ) |
| **Defendant.** | ) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1.      Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund").  The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).  The Central Pension

Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      Defendant Johnson Controls, Inc. has an office located at 507 East Michigan Street, in Milwaukee, Wisconsin, is a Wisconsin corporation, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3.      This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and trust agreement. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.      Defendant Johnson Controls, Inc. has been bound to and at all relevant times signed to a Collective Bargaining Agreement with International Union of Operating Engineers Local Union No. 835 that governs the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant working on Verizon Locations in Eastern Pennsylvania and Delaware.

7.      Pursuant to the Agreement the Defendant agreed to pay certain sums of money to the Central Pension Fund for all hours paid to employees of the Defendant performing work covered by the Agreement.

8.      During the period of June 30, 2012, to July 21, 2012, the Defendant employed employees performing work covered by the Agreement.

9.      During the period of June 30, 2012, to July 21, 2012, the Defendant failed to pay all contributions owed to the Central Pension Fund.

10.      Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions on time is liable for liquidated damages in the amount of 20% of the total contributions owed.

11.      Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions on time is liable for interest at the rate of 9% per annum.

12.     Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions on time is liable for all attorneys' fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

13.     Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14.     During the period of June 30, 2012, to July 21, 2012, the Defendant failed to pay the contributions owed to the Central Pension Fund under the Agreement (account number 219681) for work performed at Verizon Locations under the Agreement in the amount of $6,135.80.

15.     The Central Pension Fund does not know that an employer, like the Defendant, may owe contributions unless the employer reports that fact.  Employers, like the Defendant, have an obligation to accurately self-report the amount of contributions owed to the Central Pension Fund.  Due to the nature of the Central Pension Fund, as a national multi-employer employee benefit fund, and the uncertainty of the amount and existence of work in the engineering industry at any given time, the Central Pension Fund reasonably and justifiably relies on the accuracy of employers' reporting, and the fact that contributions may have be owed to the Central Pension Fund is not readily apparent or discoverable at any given time.

16.     The Central Pension Fund had no notice that an amount was due from the Defendant for the relevant time period prior to October 2014 and was not otherwise on notice than an amount may have been due until October 2014.  The Central Pension Fund

first learned that amounts may have been owed to it by Johnson Controls, Inc. under the Agreement (account number 219681) for the period of June 30, 2012, to July 21, 2012, as a result of a missing hours complaint received by the Central Pension Fund from one of the Defendant's employees in October 2014.

17.   The Defendant admitted in January 2015 that it employed individuals working under the Agreement on the Verizon Locations (account number 219681) during this period of time; the Defendant reported hours worked to the Central Pension Fund on other accounts during the relevant time period; and no evidence has been lost that is necessary to resolve the Central Pension Fund's allegations in this case.

18.   By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreement and the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust and Section 515 of ERISA.

19.   The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund.

20.   The Central Pension Fund is entitled to judgment for all contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees and costs against the Defendant.

**WHEREFORE,** Plaintiff prays judgment against the Defendant as follows:

A.      For unpaid contributions due and owing to the Plaintiff for work performed under the Agreement (account number 219681) at Verizon Locations during the period of June 30, 2012, to July 21, 2012, in the amount of $6,135.80.

B.      For liquidated damages and interest for any late and unpaid contributions owed as provided for in the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

C.      For costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

D.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: June 6, 2016

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
rhopp@odonoghuelaw.com

By:      _____
R. Richard Hopp (Bar No. 432221)

*Attorney for the Plaintiff*

6